THOMAS B. PARKS & al. versus CYRUS KNOX & Trus.

The provision in the Rev. St. c. 119, § 63, that "no person shall be adjudged a trustee by reason of any amount due from him to the principal defendant, as wages for his personal labor, for a time not exceeding one month," is not restricted to the month immediately preceding the service of the process on the supposed trustee.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

The Mousam Manufacturing Company were summoned as trustees of Knox on Sept. 1, 1842, and disclosed, that at the time of the service upon them there was in their hands a sum of money, due from them to Knox for his personal services from Jan. 3, 1842, to Feb. 3, next following, amounting to $28,50, which remained in their hands; and that Knox left their employment on Feb. 3, 1842. The District Judge decided that the company were not chargeable as trustees, and the plaintiffs filed exceptions.

*N. Wells*, for the plaintiffs, contended that the trustees were not exempted from being chargeable by the 63d section of c. 119 of the Revised Statutes, containing the provision, that "no person shall be adjudged a trustee" "by reason of any amount due from him to the principal defendant, as wages for his personal labor, for a time not exceeding one month."

The statute was intended to secure only the avails of the debtor's labor for the month next preceding the service of the process. If it be not so, the debtor may have hundreds of dollars locked up from his creditors, and put beyond their reach by working at several places a month at a time. He cited, to show how statutes should be construed, 3 Mass. R. 540; 5 Mass. R. 380; 7 Mass. R. 458; 15 Mass R. 205; 14 Mass. R. 88; 1 Pick. 248.

*Bourne*, for the company, remarked that they merely wished to be legally discharged from the claim, either by the plaintiffs or defendant.

PER CURIAM — The language of the statute, Revised Stat-

utes, c. 119, § 63, is not obscure or ambiguous; nor is it inconsistent with any other provision therein.

The legislature may have overlooked the effect of their language in this instance; but if they have, it is for that body to cure the defect. We are not at liberty to do it.

The exceptions are overruled, and the judgment of the District Court is affirmed.